I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL. POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 12·18·12

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC 18 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CIOTTA, | Case No. CV 12-10593-GHK (RNB) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| K. HOLLAND, Warden, | |
| Respondent. | |

On December 6, 2012, petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody herein. The Petition purports to be directed to a 1998 conviction for two counts of murder sustained by petitioner in Los Angeles Superior Court, pursuant to a guilty plea. It appears from the face of the Petition that all of the claims being alleged by petitioner currently are pending before the California Supreme Court. Petitioner is requesting inter alia that the Petition be stayed and held in abeyance pending his exhaustion of state remedies in the California Supreme Court.

//
//
//
//

1

1   Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner

2   has exhausted the remedies available in the courts of the State.[1]  Exhaustion requires

3   that the prisoner's contentions be fairly presented to the state courts and be disposed

4   of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24

5   (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228

6   (9th Cir. 1979).  Moreover, a claim has not been fairly presented unless the prisoner

7   has described in the state court proceedings both the operative facts and the federal

8   legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-

9   66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-

10  78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  As a matter of comity, a federal court will

11  not entertain a habeas corpus petition unless the petitioner has exhausted the available

12  state judicial remedies on every ground presented in the petition.  See Rose v. Lundy,

13  455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982).  Petitioner has the

14  burden of demonstrating that he has exhausted available state remedies.  See, e.g.,

15  Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).  The Ninth Circuit has held that

16  a federal court may raise the failure to exhaust issue sua sponte and may summarily

17  dismiss on that ground.  See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir.

18  1992), cert. denied, 506 U.S. 1081 (1993); Cartwright v. Cupp, 650 F.2d 1103, 1104

19  (9th Cir. 1982) (per curiam), cert. denied, 455 U.S. 1023 (1982); see also Granberry

20  v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

21  Here, petitioner did not list in the Petition any California Supreme Court filings

22  other than the currently pending petition.  Indeed, according to the California

23

24      [1]   The habeas statute now explicitly provides that a habeas petition brought

25  by a person in state custody "shall not be granted unless it appears that-- (A) the

26  applicant has exhausted the remedies available in the courts of the State; or (B)(i)

27  there is an absence of available State corrective process; or (ii) circumstances exist

    that render such process ineffective to protect the rights of the applicant." 28 U.S.C.

28  § 2254(b)(1).

2

1  Appellate Courts website, petitioner currently has two habeas petitions pending
2  before the California Supreme Court.  Thus, it appears to the Court that all of the
3  claims alleged in the Petition are unexhausted.

4      If it were clear that the California Supreme Court would hold that petitioner's
5  unexhausted claims were procedurally barred under state law, then the exhaustion
6  requirement would be satisfied.[2]  See Castille v. Peoples, 489 U.S. 346, 351-52, 109
7  S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir.
8  1996); Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991).  However, it is
9  not "clear" here that the California Supreme Court will hold that petitioner's claims
10 are procedurally barred under state law.  See, e.g., In re Harris, 5 Cal. 4th 813, 825,
11 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner
12 claiming sentencing error, even though the alleged sentencing error could have been
13 raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734
14 (1952) (noting that claims that fundamental constitutional rights have been violated
15 may be raised by state habeas petition).  The Court therefore concludes that this is not
16 an appropriate case for invocation of either "exception" to the requirement that a
17 petitioner's federal claims must first be fairly presented to and disposed of on the
18 merits by the state's highest court.

19     Further, the Court notes that this is not an appropriate case for invocation of
20 the stay-and-abeyance procedure authorized by Rhines v. Weber, 544 U.S. 269, 277-
21 78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or the stay-and-abeyance procedure

22
23
---
24     [2]    In that event, although the exhaustion impediment to consideration of
25 petitioner's claims on their merits would be removed, federal habeas review of the
   claims would still be barred unless petitioner could demonstrate "cause" for the
26 default and "actual prejudice" as a result of the alleged violation of federal law, or
27 demonstrate that failure to consider the claims would result in a "fundamental
   miscarriage of justice."  See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct.
28 2546, 115 L. Ed. 2d 640 (1991).

1  authorized by <u>Calderon v. United States Dist. Court (Taylor)</u>, 134 F.3d 981, 987-88

2  (9th Cir.), <u>cert. denied</u>, 525 U.S. 920 (1998) and <u>Kelly v. Small</u>, 315 F.3d 1063, 1070

3  (9th Cir. 2004), <u>overruled on other grounds by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143,

4  1149 (9th Cir. 2007). The <u>Rhines</u> procedure applies to mixed petitions, and the <u>Kelly</u>

5  procedure applies to fully exhausted petitions. <u>See</u> <u>King v. Ryan</u>, 564 F.3d 1133,

6  1139-40 (9th Cir.), <u>cert. denied</u>, 130 S. Ct. 214 (2009). The Petition herein is neither;

7  rather, it constitutes a petition containing solely unexhausted claims. The Ninth

8  Circuit has held in a post-<u>Rhines</u> decision that the stay-and-abeyance procedure does

9  not apply to petitions containing solely unexhausted claims. <u>See</u> <u>Rasberry v. Garcia</u>,

10  448 F.3d 1150, 1154 (9th Cir. 2006). A petition containing solely unexhausted

11  claims must be dismissed. <u>See</u> <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001),

12  <u>cert. denied</u>, 538 U.S. 949 (2003).

13        Accordingly, on or before **January 4, 2013**, petitioner is ordered to show cause

14  in writing, if any he has, (a) why petitioner's stay-and-abeyance request should not

15  be denied and (b) why this action should not be summarily dismissed without

16  prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules

17  Governing Section 2254 Cases in the United States District Courts.

18

19  DATED: <u>December 14, 2012</u>

20

21

22                  ROBERT N. BLOCK

                UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

4